UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOWARD COHAN,

    Plaintiff,

v.                                                 Case No: 8:15-cv-2108-T-27AEP

ISLAND HOUSE RESORT HOTEL, INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Defendant's, Island House Resort Hotel, Inc., Motion for Entitlement to an Award of Attorney's Fees and Costs (Dkt. 13) and Plaintiff's response (Dkt. 14). Upon consideration, the Motion is DENIED.

Plaintiff, an admitted American with Disabilities Act ("ADA") "tester," brought this lawsuit alleging he was denied full and equal access and enjoyment of the Island House Resort Hotel because of violations of the ADA. After Plaintiff moved to voluntarily dismiss this case, Defendant requested attorney's fees as a sanction for filing the case in bad faith and as the prevailing party. "[B]efore a court can impose sanctions on an attorney under its inherent powers, it must make a finding of bad faith" which "is at least as high as the threshold of bad faith conduct for sanctions under § 1927." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1251-52 (11th Cir. 2007). Knowingly pursuing a frivolous claim constitutes bad faith. *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010)). And a claim is frivolous when "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989).

Defendant does not dispute that Plaintiff is disabled. And while Defendant asserts that Plaintiff was not a registered guest of the hotel, Plaintiff avers he was physically on the premises of

the Island House Resort Hotel on October 14, 2014, accompanied by an expert in the ADA, and observed what he perceived to be violations of the ADA.[1] (Dkt. 14-1 ¶¶ 6-10; Dkt. 14-2 ¶ 4). He took photographs of what he observed and the expert provided a Non-Compliance Report describing the violations, which included the photographs. (Dkt. 14-3). Counsel would have been justified in relying on his client's description of the perceived violations, the photographs provided by his client, the expert's report, and an independent investigation of the premises on line, which was verified by his client, before filing this action. The photographs and expert report support the barriers to access alleged in the Complaint, including the absence of a compliant, marked accessible parking spot and pool lift, and uneven pathways. (Dkt. 14-3). As such, there was an arguable basis either in law or fact for filing this action, and therefore neither Plaintiff nor his counsel pursued this action in bad faith.

Plaintiff's calculated presence on the property and his asserted intent to return as a "tester" does not disqualify him from having standing or demonstrate bad faith.[2] And while Defendant disputes the evidentiary basis for Plaintiff's factual allegations by claiming that the photographs taken by Plaintiff and his expert do not accurately represent the condition of the property, its own expert report does not conclusively support such a contention for two reasons. First, the expert's site visit was performed on April 19, 2016, almost two years after Plaintiff's visit. (See Dkt. 13-3). Second, the expert opines, at best, that Plaintiff's photographs provide "inconclusive evidence" or do not show the pool lift or accessible pathways, which merely disputes Plaintiff's allegations. In addition, even if it had ultimately turned out that Plaintiff was wrong about one or more of the

---

[1] There is no "bona fide patron" requirement for a lawsuit for violations of §§ 12182(a) and 12182(b)(2)(A)(iv) of Title III. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013).

[2] A Plaintiff's "status as a tester does not deprive him of standing to maintain his civil action for injunctive relief" under the Americans with Disabilities Act. *Houston*, 733 F.3d at 1332. ("[T]he tester motive behind Houston's past and future visits to the Presidente Supermarket does not preclude his having standing to sue for invasions of his legal rights under §§ 12182(a) and 12182(b)(2)(A)(iv).").

alleged barriers, that does not equate to bad faith.[3] All of that simply goes to the merits of Plaintiff's claims.

In sum, while Plaintiff may not have ultimately prevailed on the merits of all of his claimed ADA violations, there was a reasonable basis in law and fact to support the allegations in the Complaint and for maintaining the case. Accordingly, Defendant's, Island House Resort Hotel, Inc., Motion for Entitlement to an Award of Attorney's Fees and Costs (Dkt. 13) is **DENIED**.

**DONE AND ORDERED** this 20th day of January, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[3] For example, Defendant claims that a removable pool swing was available upon request and located nearby.